**RECORD NO. 15-4145**

**IN THE**

# United States Court of Appeals

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

JAMES G. PROPES, JR.,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**OPENING BRIEF OF APPELLANT
JAMES G. PROPES, JR.**

Gregory J. Campbell
CAMPBELL LAW OFFICE
Suite 300
105 Capitol Street
Charleston, West Virginia 25301
(304) 342-4815
gcamlaw@aol.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

STATEMENT OF JURISDICTION ........ 1

ISSUES FOR REVIEW ........ 2

STATEMENT OF CASE ........ 3

STATEMENT OF FACTS ........ 6

SUMMARY OF ARGUMENT ........ 8

ARGUMENT ........ 9

Standard of Review ........ 9

Discussion of Issues ........ 9

CONCLUSION ........ 13

REQUEST FOR ORAL ARGUMENT ........ 14

CERTIFICATE OF SERVICE ........ 15

## TABLE OF AUTHORITIES

Page

### CASES

*United State v. Goodwin*,
717 F.3d 511 (7th Cir. 2013) .....10

*United States v. Pauley*,
511 F.3d 468 (4th Cir. 2007) .....9

### STATUTES

18 U.S.C. §2250 .....3, 6, 10, 11

18 U.S.C. §2250(a) .....11

18 U.S.C. §2250(a)(3) .....9

18 U.S.C. §3231 .....1

18 U.S.C. §3583(k) .....10, 11

18 U.S.C. §3742 .....1

28 U.S.C. §1291 .....1

42 U.S.C. §16913(a) .....9

U.S.S.G. 5D1.2 .....11

## STATEMENT OF JURISDICTION

This appeal arises from the final judgment and sentence imposed on James G. Propes, Jr., by the District Court in the Southern District of West Virginia on February 24, 2015, said sentence being imprisonment for a total term of 10 months. Upon release from prison, Mr. Propes was ordered to spend 50 months of supervised release, the first 6 months of supervised release in community confinement at Dismiss Charities. The court also imposed the original special conditions of supervised release that deals with sex offenders.

Mr. Propes was charged by a petition charging him with numerous violations of his supervised release. Mr. Propes' supervised release commenced on November 15, 2012.

Based upon the information contained in the petition, the evidence presented at the hearing, and Mr. Propes own admission, the court found by a preponderance of the evidence that Mr. Propes violated the conditions of his supervised release.

Mr. Propes was sentenced in the Southern District of West Virginia on February 24, 2015. Original jurisdiction over offenses against the United States is given to the districts by 18 U.S.C. §3231. Mr. Propes timely filed a notice of appeal on March 6, 2015. The United States Court of Appeals for the Fourth Circuit has jurisdiction to review this matter pursuant to 18 U.S.C. §3742 and 28 U.S.C. §1291.

## ISSUES FOR REVIEW

1. Whether the court's sentence of 10 months imprisonment followed by 50 months of supervised release and all the special conditions that were imposed at the time of his original sentencing is a reasonable sentence.

## STATEMENT OF CASE

Mr. Propes pled guilty in the Southern District of West Virginia to the offense of failure to register as a sex offender pursuant to 18 U.S.C. §2250 on December 8, 2011. Joint Appendix, hereinafter "J.A.", 20. Pursuant to his plea Mr. Propes was sentenced by the District Court to 18 months of imprisonment followed by a three year term of supervised release. J.A. 24.

On January 12, 2014, a United States Probation officer filed a Petition for Warrant or Summons for Offender under Supervision. J.A. 36. The petition alleged five (5) violations committed by Mr. Propes while on supervised release:

1. Driving on a suspended/revoked license and no proof of insurance;
2. Failure to report to the probation officer as directed;
3. Testing positive for marijuana and methamphetamine and other drugs;
4. Failing to appear for drug testing on seven occasions;
5. Failing to attend sex offender treatment sessions and substance abuse treatment sessions.

Mr. Propes appeared before a United States Magistrate Judge on January 20, 2015, for a initial appearance. On January 26, 2015, Mr. Propes once again appeared before the Magistrate Judge at which time he waived his preliminary and

detention hearings. J.A. 42 and 43. A final revocation hearing was scheduled for February 2, 2015. J.A. 45A.

On January 30, 2015, the court ordered the parties to file a Memorandum on their position on the potential term of supervised release that could be imposed upon revocation of Mr. Propes' supervised release. The court continued the revocation hearing to February 17, 2015. J.A. 45A. By Order entered February 18, 2015, the final hearing was set for February 24, 2015.

On February 24, 2015, the defendant appeared in court for the revocation hearing in his case. Based on evidence presented at the hearing, and Mr. Propes' own admission, the court found by a preponderance of the evidence that Mr. Propes had violated the conditions of supervised release. J.A. 75.

By Order entered February 25, 2015, the court revoked Mr. Propes supervised release and ordered that he be committed to the custody of Federal Bureau of Prisons of a term of 10 months. The court also ordered that upon release from prison that Mr. Propes would be placed on supervised release for a term of 50 months. The court also ordered that the first six months of the 50 month supervised release term would be served in a community confinement center. The court further ordered that Mr. Propes abide by all the special conditions that were imposed at the time of the original sentencing. J.A. 77.

It is from the court order entered February 25, 2015 (J.A. 77), that Mr. Propes appeals. Mr. Propes timely filed his Notice of Appeal on March 6, 2015. J.A. 79.

## STATEMENT OF FACTS

On September 20, 2011, James G. Propes, Jr., was charged in one count indictment returned by a federal grand jury convening in Beckley, West Virginia. The indictment charged Mr. Propes with a violation of 18 U.S.C. §2250, Failure to Register as a Sex Offender. The indictment alleged that Mr. Propes was convicted of criminal sexual assault in Michigan on or about November 1, 2000. As a consequence of his conviction, Mr. Propes was required to register as a sex offender and update his registration under the Sex Offender Registration and Notification Act (SORNA). The indictment alleged that Mr. Propes registered as a sex offender in Michigan on September 12, 2007, and at some time after that registration he traveled to West Virginia where he resided in and around Huntington, West Virginia.

Mr. Propes was arrested and charged with failure to register as a sex offender and made an initial appearance before a United States Magistrate Judge on September 30, 2011, and was detained pending further proceedings.

On December 8, 2011, Mr. Propes, without the benefit of a plea agreement, plead guilty to the single count indictment which charged him with a failure to register as a sex offender pursuant to 18 U.S.C. §2250.

On April 16, 2013, Mr. Propes was sentenced to serve 18 months in prison followed by a term of supervised release for 3 years. There were no objections to the court's sentence by the defendant nor the government.

On January 12, 2015, an Order was entered directing the issuance of a arrest warrant for Mr. Propes due to Mr. Propes noncompliance with the terms of his supervised release. On January 20, 2015, Mr. Propes was arrested for noncompliance with the terms of his supervised release.

## SUMMARY OF ARGUMENT

The sentence imposed by the court, 10 months of imprisonment followed by a term of 50 months of supervised release and all the special conditions that were imposed at the time of his original sentencing is unreasonable.

# ARGUMENT

## Standard of Review

In this Circuit the reasonableness inquiry "focuses on whether the sentencing court abused its discretion in imposing the chosen sentence." *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).

## Discussion of Issues

Under SORNA a "sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. §16913(a). Failure to register triggers an array of potential penalties, but only if the offender has knowledge of the registration requirement. 18 U.S.C. §2250(a)(3) ("whoever. . .knowingly fails to register or update a registration as required by [SORNA]. . .shall be fined under this title or imprisoned not more than 10 years, or both.").

The parties to this appeal do not dispute that Mr. Propes was a sex offender under federal law and that he was required to register under SORNA, and that he failed to do so once he entered the state of West Virginia.

The government has taken the position that the statutorily required term of supervised release for a violation of 18 U.S.C. §2250 is a term of not less than five years and up to life. The government basis this statement on 18 U.S.C. §3583(k).

18 U.S.C. §3583(k) states that:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense. . .involving a minor victim and for any offense under section. . .2250. . .is a term of years of not less than 5, or life.

The United States Sentencing Commission, in Amendment 786 which was effective November 1, 2014, made it clear that the term sex offense "does not include a offense under 18 U.S.C. §2250 (Failure to register)." So, in this case, the charge against Mr. Propes in the Southern District of West Virginia (failure to register), is not a sex offense.

In the case of *United State v. Goodwin,* 717 F.3rd 511, 520 (7th Cir. 2013) the court considered whether failure to register was a sex offense for the purpose of guidelines, concluding that it was not "perpetrated against a minor" as required by the guidelines. *Goodwin*, 717 F.3rd at 520. The Sentencing Commission amended the guidelines to implement Goodwin's holding by a enacting Amendment 786.

Guideline 5D1.2(a)(2) holds that the authorized term of supervised release for a Class C felony (that is the situation here) is a term of supervised release of "not more than three years".

As pointed out above, the United States Sentencing Commission in Amendment 786 which became effective November 1, 2014, made it clear that the term "sex offense" does not include an offense under 18 U.S.C. §2250 (Failure to register).

The Commission, in the application notes has two sections, one entitled "When a Statutory Minimum Term of Supervised Release Applies" and the second titled "When the Defendant is Convicted of Failure to Register as a Sex Offender". The Commission points out that "[s]econd, there are differences among the circuits over how to calculate the guideline range of supervised release when a defendant is convicted, under 18 U.S.C. 2250(a), of failing to register as a sex offender. The offense carries a statutory minimum term of supervised release of at least five years, with a term up to life permitted. See 18 U.S.C. §3583(k). There is an application issue about when, if at all, such of offense is a 'sex offense' for the purpose of subsection (b) of §5D1.2."

The Commission stated that if a "failure to register is a sex offense, then subsection (b) specifically provides for a term of supervised release of anywhere

from the minimum provided by subsection (a) to the maximum provided by statute (i.e., life). . . . Another effect of the determination is that, if failure to register is a 'sex offense,' the guidelines recommend that special conditions of supervised release also be imposed, such as participating in sex offender monitoring program and submitting to warrantless searches. See §5D1.3(d)(7)."

The Commission goes on to say that "Application Note 1defines 'sex offense' to mean, among other things, 'a offense, perpetrated against a minor, under' chapter 109B of title 18 (the only section of which is Section 2250)."

Mr. Propes takes the position that the court, in imposing special conditions of supervised release for sex offenders on Mr. Propes, committed error because Mr. Propes was not found to have violated the terms and conditions of supervised release by any act that could be classified as a "sex offense".

## CONCLUSION

The court clearly erred by the imposition of the original special conditions of supervised release on Mr. Propes for a violation of his supervised release, said violation not a "sex offense".

## REQUEST FOR ORAL ARGUMENT

Pursuant to F.R.A.P. 34(a), Mr. Propes hereby requests oral argument and submits that oral argument may be beneficial to the court because of the legal and factual issues presented in this case.

Respectfully submitted,

JAMES G. PROPES, JR.
By Counsel

*/s/Gregory J. Campbell*
Gregory J. Campbell; WV Bar No. 608
Campbell Law Office
105 Capitol Street, Suite 300
Charleston, WV 25301
Telephone: (304) 342-4815
Facsimile: (304) 344-4038

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2015, a copy of the foregoing **Brief of Appellant** was served, via e-filing, upon the following:

Lisa D. Johnston, AUSA
300 Virginia Street, East
Charleston, WV 25301

*/s/Gregory J. Campbell*
Gregory J. Campbell; WV Bar 608
Campbell Law Offices
105 Capitol Street, Suite 300
Charleston, WV 25301
Telephone: (304) 342-4815
Facsimile: (304) 344-4038